UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PATINO-GARCIA,<br><br>        Plaintiff,<br><br>    vs.<br><br>A. GILL, et al.,<br><br>        Defendants. | 1:13-cv-01371-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 8.) |

## I.   BACKGROUND

Jorge Patino-Garcia ("Plaintiff") is a federal prisoner proceeding pro se with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on August 27, 2013. (Doc. 1.)

On September 12, 2013, the court entered an order granting Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 7.) On September 30, 2013, Plaintiff filed a motion for reconsideration of the court's order. (Doc. 8.)

## II.   MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460

(9th Cir. 1983) (en banc).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001); <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  <u>Walker v. Giurbino</u>, 2008 WL 1767040, *2 (E.D.Cal. 2008).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

### A.   **Plaintiff's Motion**

Plaintiff requests the court to excuse him from payment of the filing fees in this action, or in the alternative, to direct prison staff to deduct only 20% of the preceding month's income credit to Plaintiff's prison trust account, pursuant to the court's order of September 12, 2013.  Plaintiff asserts that on or about September 15, 2013, the Warden's designee deducted $10.00 from Plaintiff's prison trust account, when Plaintiff's account contained only $20.00, thereby exceeding the amount designated in the court's order by about $4.00.  Plaintiff also argues that he cannot afford to pay the filing fee, because his hours of work at the prison have been reduced from 6 hours a day to 2 hours a day, at 12 cents per hour.

### B.   **Discussion**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  "Plaintiffs normally must pay [$400] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status."  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, notwithstanding being granted leave to proceed in forma pauperis, "if a prisoner brings a civil action . . ., the prisoner shall be

required to pay the full amount of a filing fee" through payments deducted from the prisoner's prison trust account. 28 U.S.C. § 1915(b)(1). After payment of an initial filing fee, if any, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

In forma pauperis status allows a prisoner's case to proceed without full payment of the filing fee, but does not excuse the prisoner from payment of the filing fee in payments, over time, from the prisoner's trust account. Under the federal statute, the court is required to collect payments for the filing fee when funds exist. 28 U.S.C. 1915(b)(1),(2). Plaintiff's argument that he cannot afford to pay the filing fee is unpersuasive. Thousands of prisoners in similar circumstances are paying the filing fees for their lawsuits in this manner. Plaintiff provides no admissible evidence that prison officials are not properly collecting payments for the filing fee pursuant to the court's order. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision and therefore, Plaintiff's motion for reconsideration shall be denied.

**III. CONCLUSION**

Based on the foregoing, Plaintiff's motion for reconsideration, filed on September 30, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **October 7, 2013**                              **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE