UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PATINO-GARCIA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>A. GILL, et al.,<br><br>　　　　Defendants | Case No. 1:13 cv 01371 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>,

---

[1] Plaintiff filed a consent to proceed before a magistrate Judge on August 30, 2013 (ECF No. 4).

1

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

<u>Bivens</u> actions and actions under 42 U.S.C. § 1983 are "identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>.  <u>Van Strum v.Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).  Under <u>Bivens</u>, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See <u>Bivens</u>, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

## II.     Plaintiff's Claim s

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the Federal Correctional Institution in Mendota, brings this action against correctional officials employed by the Bureau of Prisons at FCI Mendota.  Plaintiff names as Defendants Warden A. Gill, Medical Director Q. Caleb and Doctor A. Adel.  Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment.

While housed at a correctional facility in Arizona in March of 2011, Plaintiff suffered a slip and fall, injuring his head.  Plaintiff alleges that "after several visits to the doctor due to the serious of the injury, constant pain and suffering, the doctor ordered for the sake of thoroughness a CT scan."  On March 29, 2012, Plaintiff arrived at FCI Mendota.   Plaintiff alleges that, despite his complaints, officials at Mendota have not granted his request for an MRI.  Plaintiff has been seen, and has been diagnosed as having migraine headaches and has been prescribed pain medication.  Plaintiff alleges that he has "constant, intense pain," dizziness and visual changes.  Defendant Caleb, in a note written on May 15, 2012,  directed that "we are managing patient as an atypical migraine cephalegia without aura."  Defendant Caleb further noted that

2

"we need to medication sufficient to work and not to jump to costly MRI without meeting criteria."

Plaintiff alleges that because he was "constantly and continuously being ignored regarding his pain," he filed an inmate grievance (Form BP-9). The Warden's written response noted that Plaintiff had received a chest X-ray and a comprehensive metabolic profile. Plaintiff alleges that treatment "had nothing to do with his head injury and pain." Plaintiff filed his grievance at the next level. The Western Regional BOP office's written response indicated that "Plaintiff was properly being medicated with Ibuprofen for his pain." Plaintiff alleges that his requests for an MRI continued to be disregarded. Plaintiff filed an appeal at the next level. After that appeal was received and "partially investigated," Plaintiff was taken to an outside clinic for an evaluation with an Ear Nose and Throat (ENT) specialist. Plaintiff contends that the clinic was not a "real hospital" with adequate equipment.

Plaintiff continued to visit sick call, complaining of headaches and visual changes. Plaintiff alleges that "apparently both defendants Dr. Awad and the Medical Director Caleb noted in their reports otherwise, confirming what the Medical Director noted in one of his reports: avoiding a 'costly MRI.'" On October 10, 2012, Plaintiff was again taken to the clinic to see the ENT specialist. Plaintiff alleges that "never has Plaintiff been taken to a 'real hospital' with the right equipment for an accurate exploration to his head injury and pain."

### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

3

Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Additionally, plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute.  Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim.  Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff clearly articulates a serious medical condition, but fails to specifically charge each individual defendant with conduct indicating that they were deliberately indifferent to that condition.  Plaintiff's allegations, and the exhibits attached to Plaintiff's complaint, indicate that the medical officials were aware of Plaintiff's concerns, and treated his condition as a migraine.  That Plaintiff, in his view, should have an MRI does not subject Defendants to liability.  As noted, a disagreement over the course of treatment fails to state a constitutional claim.   "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   Plaintiff has not specifically charged each defendant with conduct

4

indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint should therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

5

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 4, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE