UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PATINO-GARCIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>A. GILL, et al.,<br><br>　　　　Defendants. | 1:13-cv-01371-GSA-PC<br><br>ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41, AND DENYING REQUEST TO BE EXCUSED FROM PAYMENT OF FILING FEE<br>(Doc. 15.)<br><br>ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK TO CLOSE FILE |

**I.    BACKGROUND**

　　　Jorge Patino-Garcia ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On August 27, 2013, Plaintiff filed the Complaint commencing this action. (Doc. 1.)

　　　On August 30, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on July 7, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On August 4, 2014, Plaintiff filed a motion to voluntarily dismiss this action, and requested to be excused from payment of the filing fee owed. (Doc. 15.)

## II.     PLAINTIFF'S MOTION

Plaintiff seeks to dismiss this action because he is unable to file an amended complaint before the court's deadline, due to delays in obtaining documentation at the prison. Plaintiff asserts that he has limited education, only understands the Spanish language, and "does not possess the psychological, intellectual or language tools necessary to proceed in this action." (Motion, Doc. 15 at 2.) Plaintiff asserts that he is unable to proceed in this case without the assistance of experienced legal counsel. Plaintiff requests the court to dismiss the case without prejudice, so that he can refile with the assistance of legal counsel upon his eventual release from federal prison.

Plaintiff is entitled to voluntarily dismiss this action, without prejudice, under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). However, Plaintiff shall not be excused from paying the filing fee owed for this action. The filing fee is collected by the court as payment for filing the case, and Plaintiff's case was filed. 28 U.S.C. 1915(b). The

subsequent dismissal of the case, even if voluntary, does not change the fact that the case was filed.

### III. CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss this case is GRANTED;
2. Plaintiff's request to be excused from paying the filing fee owed is DENIED;
3. This action is DISMISSED in its entirety without prejudice; and
4. The Clerk of Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **August 6, 2014**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE